■ CERTISH CONSTRUCTION CORP. et al., Appellants, v MADISON HEAT CORP., Respondent.—In an action to recover damages predicated upon a fraudulent mortgage, plaintiffs appeal from an order of the Supreme Court, Queens County, dated March 15, 1976, which granted defendant's motion to strike the first four causes of action in the complaint, on the ground of collateral estoppel. Order affirmed, with $50 costs and disbursements. It appears that appellants' sole argument is based upon a five-month delay between the date of the court's decision and the execution and entry of an order thereon. We believe that it was within the discretion of Special Term to permit the delayed entry of the order, particularly where the sole prejudice arising from the delay affected only the respondent. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ CERTISH CONSTRUCTION CORP. et al., Respondents, v MADISON HEAT CORP., Appellant.—In an action to recover damages predicated upon a fraudulent mortgage, defendant appeals from an order of the Supreme Court, Queens County, dated June 10, 1976, which denied its motion (1) to

strike plaintiffs' fifth cause of action and (2) for summary judgment in the amount of $8,000 or, in the alternative, partial summary judgment in the amount of $7,250. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "except that defendant is granted partial summary judgment in the amount of $7,250." As so modified, order affirmed, with $50 costs and disbursements to defendant, and action remitted to Special Term for entry of an appropriate interlocutory judgment and for further proceedings not inconsistent herewith. Defendant, a mortgagee on property owned by plaintiff Certish Construction Corp., which property was taken by eminent domain, agreed to accept $8,000 in satisfaction of its mortgage claim. Plaintiff Prince, who was the escrowee in the settlement of the claim, collected the condemnation award but declined to turn over the $8,000 to defendant, claiming that $750 was due him for legal services rendered. Under these circumstances, where there is no dispute that moneys are due defendant, we believe that summary judgment should have been granted to it to the extent of $7,250, leaving the dispute as to the amount claimed to be due plaintiff Prince to be resolved at the trial. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.